UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VALENCIA,<br>  Petitioner,<br>  v.<br>ANTHONY HEDGPETH, warden,<br>  Respondent. | No. C 08-1144 MHP (pr)<br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Jesus Valencia, currently incarcerated at Kern Valley State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application and motion for appointment of counsel also are before the court for consideration.

## BACKGROUND

According to the habeas petition, Valencia was convicted in Santa Clara County Superior Court of continuous sexual abuse of a minor, and two counts of lewd and lascivious acts on a minor by force. See Cal. Penal Code §§ 288(b), 288.5  On October 5, 2007, he was sentenced to 18 years in prison.

Valencia appealed. The California Court of Appeal affirmed the conviction in 2006 and the California Supreme Court denied the petition for review in 2007. He also filed an unsuccessful habeas petition in state court.  He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition contains four claims based on ineffective assistance of trial counsel in violation of his rights under the Sixth and Fourteenth Amendments. Specifically, Valencia alleges that (1) counsel omitted to seek exclusion of Valencia's incriminating statements to the police; (2) counsel failed to object to evidence that Karely saw Laura leave Valencia's room with a red stain on her clothes and failed to request jury instructions CALJIC Nos. 2.50.1 and 2.50.2 with regard to the evidence; (3) counsel omitted to move for exclusion of evidence that Valencia used drugs and fought with police; and (4) the cumulative prejudice from counsel's three errors denied him effective assistance of counsel. Liberally construed, the claims are cognizable in a federal habeas action.

Valencia has moved for appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is required in this action to prevent a due process violation. The

motion for appointment of counsel is denied.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **September 19, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 31, 2008**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's motion for appointment of counsel is DENIED. (Docket # 3.)

7. Petitioner's in forma pauperis application is DENIED as unnecessary because he paid the filing fee. (Docket # 2.)

IT IS SO ORDERED.

DATED: July 17, 2008

Marilyn Hall Patel
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JESUS VALENCIA,

        Plaintiff,

  v.

KERN VALLEY STATE PRISON et al,

        Defendant.
                                        /

Case Number: CV08-01144 MHP

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesus Valencia V-94440
Kern Valley State Prison
P.O.Box 5103
Delano, CA 93216

Dated: July 18, 2008

                                          Richard W. Wieking, Clerk
                                          By: Anthony Bowser, Deputy Clerk